IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CURTIS JAYJOHN,**
      **Plaintiff,**

v.                                                 Case No. 2:04-CV-471
                                                    JUDGE EDMUND A. SARGUS, JR.
                                                    Magistrate Judge Norah McCann King

**CITY OF WELLSTON, et al.,**
      **Defendants.**

**OPINION AND ORDER**

This matter came before the Court on May 12, 2006 for a Final Pretrial Conference. During the conference, the Court considered the Defendants' Motion *in limine* as to various issues. The Court now sets forth its rulings on the motion.

**I.**

**A. Plaintiff's Exhibits**

Defendants City of Wellston, John Stabler and Dennis Dupree ["Defendants"] object to the introduction into evidence of certain exhibits which Defendants claim were not disclosed by Plaintiff during discovery. The first category of exhibits consists of certain newspaper articles (Exh. 8, 13, 24, 34, 35, 37, 39). The Plaintiff concedes that these exhibits are not admissible and will not offer the same.

In addition, Plaintiff has withdrawn certain other exhibits to which Defendants object, in particular: Plaintiff's affidavit of 8/19/02 (Exh. 41); a grievance report filed by Roy Roberts on 8/23/02 (Exh. 42); a report of municipal civil service activities for calendar year 2002 (Exh. 43);

the 2/20/04 affidavits of L. Walburn, B. Benson, M. Perkins and J. Hall (Exh. 47); and a statement by Mark Jacobs of 3/10/04 (Exh. 48). Thus, as to these exhibits, the Defendants' motion is moot.

With respect to the 8/20/02 letter purportedly issued by the civil service commission to Plaintiff (Exh. 40), the Court concludes that Plaintiff may inquire of the Mayor only as to this document. The letter states that, because the Plaintiff was a probationary employee at the time of discharge, he was not entitled to a hearing, a position consistent with Ohio law. In the Court's view, the issue of whether this document was forged is relevant to Plaintiff's claim that the Mayor desired to have Plaintiff terminated from employment. At this juncture, the Plaintiff may not, however, inquire as to other witnesses regarding the letter. Thus, the motion is granted in part and denied in part as to this exhibit.

## B. Plaintiff's Exhibits that allegedly constitute Hearsay or other Unsworn or Unauthenticated Evidence

Defendants also object to certain other exhibits which are allegedly unsworn or unauthenticated; in particular, Exh. 2, 3, 7, 9, 10, 11, 14, 15, 18, 22, 23, 29 and 32. During the Final Pretrial Conference, counsel for Plaintiff indicated his intent to withdraw these from evidence. Thus, the Defendants' motion as to these exhibits is rendered moot.

## C. Evidence as to Reasons for Defendants' Termination of Plaintiff

Defendants contend that Plaintiff should be precluded from presenting any evidence as to Mayor Stabler's motive for terminating Plaintiff. According to Defendants, this "would include,

Plaintiff's apparent intention to present testimony indicating that Mayor Stabler had another candidate for Chief of Police already selected and/or that Mayor Stabler attempted to manipulate the civil service process in order to prevent Plaintiff from being appointed to the position." (*Motion in limine* at 5). Defendants argue that evidence in this regard amounts to a showing of pretext, which is not admissible on a First Amendment claim.

In the Court's view, the issue of Defendants' reasons for terminating Plaintiff is relevant to Plaintiff's showing of whether the discharge was motivated, at least in part, by the exercise of his First Amendment rights. As the Court observed at the summary judgment stage, the Plaintiff must show that the speech in question is linked to the Defendants' decision to discharge him. (*Opinion and Order*, Doc. #48 at 16). The Court does not view the evidence as solely pertaining to pretext, as Defendants suggest[1]. Thus, the Court finds that evidence pertaining to the Mayor's motive is relevant and admissible. The Defendants' motion for exclusion of the reasons for Plaintiff's termination is therefore denied.

**D. Evidence of other allegedly corrupt conduct on the part of the Mayor**

The Defendants also move to exclude any evidence that Plaintiff may present regarding his belief that Mayor Stabler's administration was marked by corruption. According to Defendants, Plaintiff's witness list and exhibit list "hint to Mayor Stabler's alleged manipulation of the Civil Service Exam, the alleged suppression of Plaintiff's Civil Service appeal, the alleged mismanagement of various investigations, the alleged misconduct surrounding Larry Mckenzie's termination, the alleged misuse of funds for the purchase of a vehicle, the alleged inappropriate

---

[1] The Court agrees that pretext is not an element in a First Amendment retaliation claim.

3

promotion of Danny Hall, and other witnesses" who may testify as to allegations of corruption. (*Motion in limine* at 5). Defendants argue that allegations of corruption are irrelevant to Plaintiff's claim and are unduly prejudicial.

During the Final Pretrial Conference, Plaintiff's counsel indicated a desire to inquire of the Mayor as to these allegations. In the Court's view, evidence of alleged corrupt conduct is relevant to show whether the motivating factor for Plaintiff's discharge was the exercise of his First Amendment rights. The Court concludes that such inquiry of the Mayor only may be permissible, but counsel is cautioned to approach the Court at sidebar prior to the asking of any questions of any other witness as to these same matters. Thus, the Defendants' motion *in limine* is granted in part and denied in part.

### E. Evidence as to Damages

Defendants raise several issues as to damages. First, Defendants move to exclude Plaintiff from presenting evidence measuring damages beyond the end of Plaintiff's probationary period, which was one year, pursuant to R.C. § 124.27(C). Defendants claim that it would be "pure speculation to assume that at the end of his probationary period Plaintiff would have been awarded a full-time employment contract." (*Motion in limine* at 6).

While the Court agrees that, as a probationary employee, Plaintiff's expectation of continued employment was uncertain, the Court also recognizes that the measure of damages under § 1983 is not necessarily limited by the duration of the probationary period. As the Supreme Court holds, the purpose of damages in an action under § 1983 is "to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Memphis*

4

*Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986), quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978). In most instances, damages may not be based upon the abstract value of a constitutional right. *Id.* at 308. In the context of a § 1983 claim for violation of a First Amendment right, however, an award of general damages is appropriate. *Walje v. City of Winchester, Kentucky*, 827 F.2d 10, 13 (6th Cir. 1987).

Thus, to the extent Defendants contend that Plaintiff's damages under § 1983 are limited to the duration of the probationary employment period, the motion is not well-taken. The Court also declines to limit any award for damages Plaintiff may recover under § 1983 on the basis that his prayer for relief is somehow deficient.

The Court notes that Plaintiff does not seek reinstatement as a remedy under § 1983, nor is he claiming any consequential or non-economic damages. During the Final Pretrial Conference, counsel for Defendants raised the issue of whether Plaintiff is entitled to request an award of front pay.

In general, this Court has broad discretion to determine whether an award of front pay is appropriate under § 1983 to remedy an allegedly wrongful termination on account of the exercise of First Amendment rights. *See Frank v. Relin*, 851 F.Supp. 87, 93 (W.D. N.Y. 1994). As the Sixth Circuit has observed, front pay "has been defined as 'an affirmative order designed to compensate the plaintiff for economic losses that have not occurred as of the date of the court decree, but that may occur as the plaintiff works toward his or her rightful place.'" *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1158 (6th Cir. 1985) (citation omitted). The goal is to place the employee in as near a situation as he would have occupied had the alleged act of discrimination not occurred. *Id.* at 1159. While this determination necessarily carries with it the

5

risk of uncertainty, at the same time, the Plaintiff is entitled to be remedied if a constitutional violation has occurred.

In this case, it is undisputed that, in the position Plaintiff has occupied since his termination, he earns substantially more than he would have earned had he remained employed by the Defendant City. This position is, however, nearing an end and Plaintiff will be seeking other employment. In view of this circumstance, it is difficult for the Court to foreclose the possibility of a front pay award without any evidence as to the Plaintiff's future employment prospects. Thus, the Court will reserve ruling on this issue, but the Court notes that in view of Plaintiff's financial position since his termination, Plaintiff must come forward with evidence to demonstrate why an award of front pay is necessary to remedy the alleged continuing effects of a constitutional violation. To the extent Defendants move to exclude Plaintiff from presenting evidence as to front pay at this juncture in the action, the motion is not well-taken.

Finally, Defendants move to preclude Plaintiff from seeking any award of punitive damages against the City of Wellston. Plaintiff concedes that punitive damages are not appropriate. Thus, this aspect of Defendants' motion *in limine* is rendered moot.

### F. Plaintiff's Witnesses

Defendants argue that Plaintiff should not be permitted to call certain witnesses who were not previously disclosed to Defendants[2]; in particular: Brad Benson, Tom Clark, Ellie Ervin, Rev. James Marques, Jason Holzaphel, Charlotte Ireland, and Rick Lamb. As discussed during the Final Pretrial Conference, Holzaphel, Ireland and Lamb are civil service committee members.

---

[2] The nondisclosure is not in dispute.

Plaintiff's counsel indicated that he would only call these individuals in rebuttal with regard to the issue of the document regarding Plaintiff's denial of an appeal[3]. The Court concludes that Plaintiff may inquire of the Mayor as to this document. The Court finds Holzaphel, Ireland and Lamb may not be called in Plaintiff's case-in-chief, but may testify, if appropriate, as rebuttal witnesses.

Plaintiff's counsel concedes that testimony from Brad Benson and Tom Clark, who were present at the time of Plaintiff's termination, would be cumulative. Thus, the Court excludes these witnesses. The issue may be revisited during the trial, if necessary.

With respect to Ellie Ervin and Rev. Marques, Plaintiff's counsel indicates that he seeks to call these individuals in rebuttal. In the Court's view, if these individuals are truly rebuttal witnesses, then Plaintiff will be allowed to offer their testimony. The Court cannot, however, make this determination in the abstract. The Court will revisit the issue at trial.

## II.

For the foregoing reasons, the Defendants' Motion *in limine* (**Doc. #68**) is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

5-17-2006
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff apparently contends that the document purports to be from the civil service committee but was actually authored by the Mayor.